IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LAVERN HART | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:15-cv-00052 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| UNITED DEBT HOLDINGS, LLC., et al., | ) United States District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Lavern Hart ("Hart") alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* against United Debt Holdings, LLC ("UDH"), Craig Alan Manseth ("Manseth"), and Total Account Recovery ("TAR") (collectively "Defendants"). Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. ECF No. 30. For the following reasons, Defendants' motion to dismiss, ECF No. 30, will be **GRANTED** and this case **DISMISSED** with prejudice.

I.

UDH and TAR are consumer debt collection business. Id. at ¶¶ 3-8. Manseth owns, operates, and manages UDH. Id. at ¶ 6. In 2013, Hart took out a $150.00 loan from Sierra Financial, LLC (the "Debt"). Id. at ¶¶ 2, 13. After Hart failed to pay off this loan, Sierra Financial, LLC sold the Debt to TAR on February 27, 2014. Id. at ¶¶ 16-17. TAR sold the Debt to UDH on July 7, 2014. Id. at ¶ 18. Between July 18, 2014 and December 17, 2014, Hart received a number of calls from various individuals seeking to collect on the Debt. Id. at ¶¶ 20-41. At least one of these callers threatened criminal action against Hart and multiple callers failed to identify themselves as debt collectors. Id. Several callers called on behalf of an entity that contained the word "Silverlake."

1

Id. Hart alleges these actions give rise to a number of claims under the Fair Debt Collections Practices Act.

Attached to Defendants' brief in support of their motion to dismiss is the Declaration of Craig Alan Manseth (the "Declaration"). ECF No. 31–1. The Declaration indicates that on July 7, 2014, the same day that UDH purchased the Debt, the Debt was sold as part of a part of a bundle to Searay Portfolio Management, LLC. Id. at ¶ 4. Then, on August 1, 2014, Searay Portfolio Management, LLC sold the Debt, again as part of a bundle, to Silverlake Landmark Recovery Group, LLC (hereinafter "Silverlake"). Id. at ¶ 6.

On October 15, 2015, Hart entered a settlement agreement with non-parties to this lawsuit, Silverlake and Nathali Alexis ("Alexis") (the "Settlement Agreement"). ECF No. 31–2. The first paragraph of the Settlement Agreement states:

> This Settlement Agreement and General Release (the "Agreement") is made and entered into as of the 15th day of October, 2015 by and between Defendants Silverlake Landmark Recovery Group, LLC, Nathali Alexis, SRA Processing Services, LLC, United Debt Holdings, LLC, Craig Manseth, and Total Account Recovery, LLC on behalf of themselves, their predecessors-in-interest, successors-in-interest, creditors, clients, insurers, assignors and assignees, including all respective officers, directors, members, partners, employees, agents, servants, representatives, affiliates, parent companies, attorneys, and insurers, past, present and future (collectively "Defendant") and Plaintiff, Lavern Hart ("Plaintiff").

Id. at 1. Despite listing a number of entities, including the Defendants, as parties to the Settlement Agreement, the only signatories are Alexis, personally and on behalf of Silverlake, and Hart. Id. at 4-5. The Settlement Agreement states in part:

> 1. <u>Payment of Sum by Defendant</u>. Silverlake Landmark Recovery Group, LLC and Nathali Alexis shall pay the sum of TWENTY-FIVE THOUSAND and 00/100 DOLLARS ($25,000.00) payable across five equal monthly installments commencing on October 22, 2015, and by the 22nd day of each month thereafter until fully paid, provided that by October 20, 2105[1] Plaintiff's counsel has provided

---

[1] The contract states "October 20, 2105." The court finds the parties intend "October 20, 2015."

2

> to Silverlake's counsel a copy of this Release... Time is of the essence as to each monthly payment provided for herein. The terms of a CONFESSION OF JUDGMENT attached hereto as Exhibit A are specifically incorporated herein.
>
> 2. Dismissal of Pending Action. Within ten (10) days following receipt and approval of this Agreement and receipt of good settlement funds as made reference to in paragraph 1, Plaintiff agrees to dismiss the Dispute [defined as "the lawsuit styled as *Lavern Hart v. United Debt Holdings LLC et al*, Case Number 5:15-cv-00052 filed in the United States Western District Court for the Western District of Virginia, Harrisonburg Division, for purported violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a, *et seq.*, among other claims"] with prejudice as to Defendant, and do all things required to effectuate said dismissal (including completing the dismissal form and returning it to the Clerk of the Court), and Plaintiff agrees not to refile same. Copies of the signed dismissal papers shall be provided to the attention of counsel of record for Defendant.
>
> 3. Release of All Claims. In return for the foregoing, Plaintiff, on behalf of Plaintiff's heirs, successors, creditors, trustees and assigns, does hereby irrevocably, unconditionally, fully, finally, and forever release and discharge Defendant of and from any and all claims, judgments, actions, causes of action, suits, sums of money, demands, rights, damages, injuries, costs, obligations, contracts, agreements, promises, liabilities, losses, debts, harms, expenses, fees (including attorney's fees), and compensation of every kind or nature whatsoever, whether based on tort or any other theory of recovery, in law or in equity, whether for compensatory or punitive damages, whether known or unknown and whether foreseen or unforeseen, which Plaintiff claims to have, now has, or which may arise in the future, or which Plaintiff hereafter may have or claim to have against Defendant (whether through operation of law, assignment or subrogation), in, arising out of, or in an way connected with the Dispute from the beginning of time to the date of the execution of this Agreement.

Id. at 1-2.

The Confession of Judgment, attached and incorporated in the Settlement Agreement, is signed by Alexis. Id. at ¶ 1, ECF No. 31-3, 3. The Confession of Judgment states in part:

> 6. [I]f Alexis and Silverlake fail to pay **Twenty-five Thousand Dollars ($25,000.00)** in negotiable funds, on or before February 22, 2016, by timely monthly payments as provided in Paragraph 4 above, by wire transfer to the escrow account of the Law Office of Dale W. Pittman, P.C., counsel for the Plaintiff, the

3

> Plaintiff, after giving written notice by first class mail, in care of David Peltan, Esquire, Peltan Law, LLC, 128 Church Street, East Aurora NY 140, this Confession of Judgment shall become effective in the amount of **Thirty-five Thousand dollars ($35,000.00)**, plus interest, and the Plaintiff's attorney's fees, costs, and expenses of collection, and this case will be dismissed with prejudice as to all defendants.

ECF No. 31–3, ¶ 6. Alexis and Silverlake failed to pay any funds to Hart pursuant to the Settlement Agreement. ECF No. 32, 3-4. Alexis has filed for bankruptcy. Id.

## II.

Defendants argue the Settlement Agreement and Confession of Judgment plainly require Hart to dismiss Defendants with prejudice, rendering Hart's claims moot and depriving this court of subject matter jurisdiction. ECF No. 31. As explained below, because the Confession of Judgment satisfies the Settlement Agreement, the Settlement Agreement remains enforceable, and Hart's claim must be dismissed.

When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991)). Therefore, the court will consider the Settlement Agreement and Confession of Judgment in discerning whether the subject matter jurisdiction remains proper in this case.

District courts maintain inherent authority to enforce settlement agreements related to underlying litigation. Hensley v. Alcorn Laboratories, Inc., 277 F.3d 535, 540 (4th Cir. 2002), Silcon Images, Inc. v. Genesis Microchip, Inc., 271 F. Supp. 2d 840, 846-47 (E.D. Va. 2003). When considering whether to enforce a settlement, the court engages in two distinct enquiries. Moore v. Beaufort County, N.C., 936 F.2d 159, 162 (4th Cir. 1991). First the court determines whether the

4

parties agreed to settle the action. Id. Second the court must interpret the terms of the settlement. Id. Where a settlement is reached and the court can discern the terms and conditions, the settlement is enforceable. Hensley, 277 F.3d at 540-41. "Having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." Id. at 541 (quoting Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997)).

As to the first enquiry, Hart admits to having entered the Settlement Agreement.[2] ECF No. 32, 4. Hart's admission is supported by the Settlement Agreement itself, which is signed by Hart and Alexis. ECF No. 31-2, 4-5. Alexis signed personally and on behalf Silverlake. Id. at 4. Further, Hart and Alexis/ Silverlake each provided consideration, as Hart agreed to dismiss the lawsuit in exchange for either $25,000.00 or a Confession of Judgment enforceable against Alexis. Id. at 1-2.

Further, Hart concedes that Defendants are intended beneficiaries of the Settlement Agreement. ECF No. 32, at 4-5. The Settlement Agreement supports this concession. "In order to proceed on the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract 'clearly and definitely intended' to confer a benefit upon him." City of Lynchburg v. Insurance Co. of Ireland, No. 87-0181-L, 1990 WL 1232911, *7 (W.D. Va. August 4, 1990) (quoting Copenhaver v. Rogers, 238 Va. 361, 367, 384 S.E.2d 593, 593 (1989)). The Settlement Agreement clearly and definitely seeks to confer a benefit on Defendants. For one, the Settlement Agreement section titled "PARTIES" indicates that Defendants are parties to the Settlement Agreement. ECF No. 31-2, 1. In paragraph 3, Hart specifically agrees to release

---

[2] In her brief, ECF No. 32, 9, and at oral argument, Hart argues that the Defendants and Alexis may have conspired to fraudulently induce Hart to enter the Settlement Agreement with knowledge that Alexis would enter bankruptcy shortly thereafter. Hart argues that such behavior would render the Settlement Agreement unenforceable. The court allowed the parties limited discovery to glean whether Defendants and Alexis engaged in clandestine communications regarding Alexis's bankruptcy prior to Hart entering the Settlement Agreement. ECF No. 36. The order directed Hart to file a supplemental brief in the event discovery revealed any information material to the pending motions. Because Hart filed no supplemental brief, the court concludes that no improper communication occurred between Defendants and Alexis prior to the Settlement Agreement taking effect.

5

Defendants from this case. Id. at 2. Finally, paragraph 6 of the Confession of Judgment contemplates dismissal with prejudice of the Defendants upon the Confession of Judgment taking effect. ECF No. 31–3, 2. In sum, the Settlement Agreement is a valid contract and Defendants are third party beneficiaries entitled to enforce the Settlement Agreement, so long as the terms were met.

Hart argues that certain terms of the Settlement Agreement were not satisfied, rendering the Settlement Agreement unenforceable by Defendants. Specifically, Hart argues that as a condition precedent to Hart dismissing the Defendants with prejudice, Alexis and Silverlake were required to timely pay Hart $25,000.00 pursuant to paragraph 1 of the Settlement Agreement. ECF No. 31–2, 1. Though Hart never received payment from Alexis or Silverlake, the Settlement Agreement explicitly incorporates the terms of the Confession of Judgment, which took effect if Alexis and Silverlake failed to pay $25,000.00 by February 22, 2016. ECF Nos. 31–2, ¶ 1, 31–3, ¶ 6. Furthermore, upon the Confession of Judgment taking effect, Hart agreed to "dismiss with prejudice this case as to all defendants." ECF No. 31–3, ¶ 6.

Hart argues that paragraph 6 of the Confession of Judgment "places in Plaintiff's control whether the Confession of Judgment is sought or not." ECF No. 32, 8. Though not discussed on brief, Hart, at oral argument, argued language in paragraph 6 that states "the Plaintiff, after giving written notice by first class mail, in care of David Peltan, Esquire, Peltan Law, LLC, 128 East Church Street, East Aurora, NY 14052" establishes that the Confession of Judgment is exercised only through written notice provided by Hart. ECF No. 31–3, ¶ 6. Hart argues that because she never exercised the Confession of Judgment through written notice, Defendants are not entitled to dismissal with prejudice. Hart's construal of this clause cuts against the plain meaning and intention of the Settlement Agreement and Confession of Judgment.

6

The Confession of Judgment was and is enforceable against Alexis as it is signed, and Alexis and Silverlake failed to pay $25,000.00 pursuant to the Settlement Agreement. The language cited by Hart, though oddly placed, does not add a condition to paragraph 6 of the Confession of Judgment. The conditional clause in paragraph 6 is as follows:

> [I]f Alexis and Silverlake fail to pay **Twenty-five thousand Dollars ($25,000.00)** in negotiable funds, on or before February 22, 2016, by timely monthly payments as provided in Paragraph 4 above, by wire transfer to the escrow account of the Law Office of Dale W. Pittman, P.C., counsel for the Plaintiff…

ECF No. 31–3, ¶ 6.

Because this condition occurred, the Confession of Judgment is exercisable against Alexis. The Settlement Agreement contemplates Hart receiving either $25,000.00 or a Confession of Judgment against Alexis, each of which result in the dismissal with prejudice of Defendants. Here, Hart is in possession of the latter. The language cited by Hart at oral argument establishes no additional action that must occur before the Confession of Judgment takes effect. While Hart inevitably has discretion as to whether to attempt collection on Alexis pursuant the Confession of Judgment, such discretion does not render the Confession of Judgment ineffective.

Though Hart now believes Alexis's bankruptcy makes collecting on the Confession of Judgment unlikely, "having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." Hensley, 277 F.3d at 541 (quoting Young, 103 F.3d at 1195). As a result, the Settlement Agreement and Confession of Judgment compel Hart to dismiss with prejudice the Defendants.

Because Hart must dismiss the Defendants with prejudice, there is no longer an actual controversy and this case is moot. Federal courts lack subject matter jurisdiction over moot cases. Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006). Therefore, the court no longer has subject matter jurisdiction over this case.

Defendants' motion, ECF No. 30, is **GRANTED** and this case is **DISMISSED** with prejudice. An appropriate order will be entered to that effect.

Entered: 04-18-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge